IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GARY REDMAN, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | §   Case No. 4:04-CV-293 |
| TXU LONG TERM DISABILITY | § |
| INCOME PLAN, PART OF TXU | § |
| WELFARE BENEFIT PLAN, | § |
| | § |
| Defendant. | § |

## ORDER GRANTING DEFENDANT TXU LONG TERM DISABILITY INCOME PLAN'S MOTION FOR ATTORNEYS' FEES

Before the court is Defendant's Motion for Attorneys' Fees, filed April 12, 2006. Dkt. # 48. After considering Defendant's motion and Plaintiff's response thereto, the court is of the opinion that Defendant's motion should be GRANTED. Plaintiff is hereby ORDERED to pay Defendant the sum of $58,290 within 60 days of the issuance of this order.

A district court's ability to award attorney's fees at the conclusion of an ERISA case is governed by 29 U.S.C. § 1132(g)(1) which provides that a court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." In this Circuit, courts are instructed to consider the following five factors when determining whether or not to exercise this discretion:(1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy the award; (3) whether the award would deter other persons from acting under similar circumstances; (4) whether the party requesting attorney fees sought to benefit all participants and beneficiaries of the employee benefit plan or to resolve significant legal questions regarding ERISA itself; and (5) the relative merits of the parties' positions. *See, e.g., Bannistor v. Ullman*, 287 F.3d

394, 408-09 (5th Cir. 2002).

While no single factor is determinative, this court is particularly concerned with the degree of Plaintiff's culpability and the relative merits of the parties' positions. The court concludes in this regard – for the reasons stated on pages 4 and 5 of the court's Memorandum Opinion and Order Granting Defendant's Motion for Summary Judgment, signed March 29, 2006 – that Plaintiff wholly failed to fulfill his responsibilities as a plan participant. While Plaintiff was obligated under the plan to comply with the administrator's rehabilitation requests and make concerted efforts to return to work with the participating employer or elsewhere, he failed to do so. Indeed, instead of cooperating with the administrator, Plaintiff simply insisted that he be reinstated as an equipment operator despite the fact that his medical condition rendered him incapable of performing the material functions of that position. The court finds accordingly that these two factors weigh heavily in favor of Defendant's request for an award of attorney's fees. Moreover, because the court believes that future plan participants should be deterred from acting in a similarly uncooperative manner, the court finds that the third factor weighs in favor of Defendant's request as well. Finally, while the court is informed that Plaintiff may be presently unable to satisfy an award of attorney's fees, and that such fact weighs against an award of fees, the court does not believe that such inability insulates him from liability in this case because it was his unwarranted refusal to cooperate with Defendant's requests which necessitated the expenditure of such fees.

For these reasons then, the court finds that an award of attorney's fees to Defendant is appropriate in this case. The court finds further, based upon defense counsel's affidavit, that the amount requested of $58,290 is reasonable, customary and necessary. Plaintiff is accordingly ORDERED to pay to Defendant the sum of $58,290 within 60 days of the date of this order.

**SIGNED this the 26th day of May, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE